UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL RYAN PERISE                               CIVIL ACTION

VERSUS                                            NO. 14-99-SDD-RLB

ENI PETROLEUM, U.S. L.L.C.,
ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 11, 2014.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL RYAN PERISE | CIVIL ACTION |
| VERSUS | NO. 14-99-SDD-RLB |
| ENI PETROLEUM, U.S. L.L.C., ET AL. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is Plaintiff's Motion to Remand. (R. Doc. 12). The motion is opposed. (R. Doc. 13). Based on the undisputed facts and the applicable law as set forth below, Defendants have met their burden of demonstrating that the court has jurisdiction under the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1349(b)(1), and that this case was properly removed.

### I.   BACKGROUND

On or about January 2, 2014, Michael Ryan Perise ("Plaintiff") filed this suit in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana ("State Court"), naming as defendants Eni Petroleum, L.L.C.; John Wood Group, P.L.C.; Wood Group, U.S.A., Inc.; Wood Group Mustang, Inc.; Wood Group PSN, Inc., C&G Boats, Inc.; MNM Boats, Inc.; and ABC Insurance Company (collectively, "Defendants"). Plaintiff alleges that on or about August 20, 2013, he incurred personal injuries while working "as a scaffold builder on oil and gas production platforms in the Gulf of Mexico." (R. Doc. 1-1 at 8). Plaintiff alleges that he incurred his injuries when a crane operator employed by the Wood Group entities was moving equipment from a vessel named the M/V Sophia Rose (and owned by either C&G Boats or MNM Boats) onto a platform. According to the Plaintiff, "due to the movement of the vessel and inability of the crane operator to handle the load, among other things, the load became caught on the

deck/gunwale of the vessel." (R. Doc. 1-1 at 8). Plaintiff claims that as "the vessel continued to move away from the platform putting stress on the crane line and load, and in the process of trying to free the load from causing damage or injury, [he] slipped, tripped and/or fell causing injury to his right arm, wrist, and hand, among other things." (R. Doc. 1-1 at 8-9). Plaintiff claims that the defendants acted with gross negligence by failing to provide, among other things, a safe work place, properly trained employees, and adequate equipment. (R. Doc. 1-1 at 9-11). Plaintiff has demanded a jury trial. (R. Doc. 1-1 at 11).

C&G Boats and the Wood Group entity defendants[1] removed the action on February 13, 2014, and filed an amended notice of removal the next day. (R. Docs. 1, 3). The removing defendants allege two grounds for subject matter jurisdiction—admiralty jurisdiction under 28 U.S.C. § 1333, and, alternatively, federal question jurisdiction under 28 U.S.C. § 1331, pursuant to the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. §§ 1331-56.

On March 17, 2014, Plaintiff moved to remand his suit to state court. (R. Doc. 12). Plaintiff asserts that removal is improper because (1) his claims are governed by general maritime law, and therefore do not fall under OCSLA, and (2) general maritime law claims cannot be independently removed in light of the "saving to suitors" clause of 28 U.S.C. § 1333.

## II.  ARGUMENTS OF THE PARTIES

Plaintiff's basis for seeking remand hinges upon his assertion that "he was on the stern deck of the vessel when he [was] injured" as alleged on the petition. (R. Doc. 12-1 at 1). Plaintiff argues that the substantive law governing this action is general maritime law because he was located on the vessel when he was injured. Plaintiff argues that because general maritime

---

[1] On July 29, 2014, the court granted Plaintiff's motion to dismiss, without prejudice, the following defendants: John Wood Group, P.L.C.; Wood Group, U.S.A., Inc.; and Wood Group Mustang, Inc. (R. Doc. 15).

2

law controls, there can be no jurisdiction based upon application of OCSLA. (R. Doc. 12-1 at 2-3).

Plaintiff also argues that, contrary to recent decisions by this court, the changes to 28 U.S.C. § 1441 under the Federal Courts Jurisdiction and Venue Clarification Act of 2011 did not legislatively abolish the basis for non-removal of general maritime claims. Plaintiff provides a detailed statutory analysis in support of his argument that the "saving to suitors" clause of the admiralty removal statute, 28 U.S.C. § 1333, is the historical statutory basis for precluding removal of general maritime claims in the absence of another basis for federal subject matter jurisdiction. Plaintiff argues that the court should remand his action because the "saving to suitors" clause allowed him to choose a non-federal forum for his general maritime claims.

In opposition, Defendants focus their arguments on their alternative basis for removal, federal question in light of OCSLA. Defendants argue that even if the substantive law governing Plaintiff's claims is general maritime law (as opposed to federal law or Louisiana law), that choice-of-law issue does not defeat jurisdiction under OCSLA. Defendants assert facts to support their contention that Plaintiff has alleged a claim governed by OCSLA. Defendants identify the platform at issue as Eni's Main Pass 280C Platform ("MP-280C"). (R. Doc. 13 at 2). Defendants submit an affidavit by Barry Soileau, an employee of Eni US Operating Co., Inc., stating that MP-280C Platform "is permanently attached to the subsoil and seabed of the outer continental shelf by use of pilings." (R. Doc. 13-1 at 2). Defendants further assert that at the time of Plaintiff's alleged accident, the platform was producing "oil and gas and other mineral as contemplated by OCSLA." (R. Doc. 13 at 2).

Defendants also argue that, assuming the Plaintiff's claims are governed by general maritime law, removal is proper under the admiralty removal statute, 28 U.S.C. § 1333, in light

of recent decisions holding that the changes to 28 U.S.C. § 1441 under the Federal Courts Jurisdiction and Venue Clarification Act of 2011 legislatively abolished the basis for non-removal of general maritime claims.

## III. LAW & ANALYSIS

### A. OCSLA Jurisdiction

The purpose of OCSLA is to allocate to the federal government "jurisdiction, control, and power of disposition" over "the subsoil and seabed of the Outer Continental Shelf."[2] 43 U.S.C. § 1332(1). OCSLA grants federal courts jurisdiction over disputes that occur on the Outer Continental Shelf ("OCS"). *See* 43 U.S.C.A. § 1349(b)(1) ("[T]he district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such mineral, or (B) the cancellation, suspension, or termination of a lease or permit under this subchapter."); *see also* 43 U.S.C. § 1333(a)(1) ("The Constitution and laws and civil and political jurisdiction of the United States are extended to the subsoil and seabed of the outer Continental Shelf and to all artificial islands, and all installations and other devices permanently or temporarily attached to the seabed, which may be erected thereon for the purpose of exploring for, developing, or producing resources therefrom."); *Recar v. CNG Producing Co.*, 853 F.2d 367, 370 (5th Cir. 1988) (acknowledging that "OCSLA invests [a] district court with original federal jurisdiction."). The jurisdictional grant in OCSLA is interpreted broadly. *See Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 213 (5th Cir. 2013); *Tenn. Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 154 (5th Cir. 1996).

---

[2] The Outer Continental Shelf is defined to include all submerged lands lying seaward and three miles outside state waters, "and of which the subsoil and seabed appertain to the United States and are subject to its jurisdiction and control." 43 U.S.C. §§ 1331(a), 1301(a).

The well-pleaded complaint rule does not bar removal when jurisdiction exists under OCSLA, meaning that a "plaintiff does not need to expressly invoke OCSLA in order for it to apply." *Barker*, 713 F.3d at 213 (citing *Amoco Prod. Co. v. Sea Robin Pipeline Co.*, 844 F.2d 1202, 1205 (5th Cir. 1988). The Fifth Circuit applies a "but for" test for determining whether a cause of action arises under OCSLA, which asks whether "(1) the facts underlying the complaint occurred on the proper situs; (2) the plaintiff's employment furthered mineral development on the OCS; and (3) the plaintiff's injury would not have occurred but for his employment. *Barker*, 713 F.3d at 213 (citing *Demette v. Falcon Drilling Co., Inc*., 280 F.3d 492, 496 (5th Cir. 2002); *Recar*, 853 F.2d at 369). Jurisdiction exists under OCSLA even if a physical injury occurs off of a platform connected to the OCS, so long as the foregoing "but for" test is satisfied. *See*, *e.g.*, *Recar*, 853 F.2d 367 (OCSLA applies where plaintiff alleged his injury occurred on a ship while transporting crew from a platform on the OCS); *Barger v. Petroleum Helicopters, Inc.*, 692 F.2d 338, 340 (5th Cir. 1982) (OCSLA applies where plaintiff alleged his injury occurred on a helicopter while transporting crew from a platform on the OCS).

Under 28 U.S.C. § 1441, the removing party bears the burden of demonstrating that the removal was proper. *Tenn. Gas Pipeline*, 87 F.3d at 152. Based on the undisputed facts, Defendants have satisfied their burden of establishing original subject matter jurisdiction under federal law. Plaintiff alleges that he was employed by Quality Construction & Production ("QCP") and "assigned to work as a scaffold builder on oil and gas production platforms in the Gulf of Mexico." (R. Doc. 1-1 at 3). Plaintiff alleges that Eni Petroleum, L.L.C. entered into an agreement with OCP for the performance of work on the platform at issue. (*Id*.) Plaintiff alleges that he was injured while assisting with the transfer of materials from a vessel to the platform by a crane fixed to the platform. (R. Doc. 1-1 at 8-9). Plaintiff does not contest Defendants'

5

assertion that MP-280C is the platform at issue. Defendants submitted an affidavit by Barry Soileau, who is presently employed by Eni US Operating Co., Inc., as a Production Manager and has been employed by Eni or its affiliated companies in various capacities for approximately 33 years, through which Defendant represents that the MP-280C has been located on, and attached to, the outer continental shelf "approximately one hundred (100) miles southeast of New Orleans, Louisiana, since 1998 when it began production." (R. Doc. 13-1 at 1). Plaintiff has not submitted any affidavits or other evidence to show that MP-280C is not located on, and attached to, the OCS.

The only reasonable inference that can be drawn from these uncontested facts is that the case brought by the Plaintiff is related to an operation conducted on the OCS which involves the exploration for and development of minerals, and that there would have been no alleged accident causing the plaintiff's injury "but for" the Defendants' conducting an operation on the OCS. *See Stevens v. Energy XXI GOM, LLC*, No. 11-154-BAJ-SCR, 2011 WL 2489998 (M.D. La. May 18, 2011) *report and recommendation adopted sub nom. Stevens v. Energy XXI (Bermuda), Ltd*, 2011 WL 2489991 (M.D. La. June 22, 2011); *see also Wells v. Abe's Boat Rentals Inc.*, No. H-13-1112, 2013 WL 3110322 (S.D. Tex. June 18, 2013) (finding OCSLA jurisdiction where the case involved an operation conducted on the OCS that involved the exploration or production of minerals.").

Plaintiff's only argument regarding why OCSLA jurisdiction does not apply misstates the law. Plaintiff claims that he has asserted general maritime claims, and, therefore, jurisdiction under OCSLA is precluded. As explained by the Fifth Circuit, "when maritime law applies under OCSLA, maritime law will displace the application of federal law and any supplemental state law." *Barker*, 713 F.3d at 218 (citations omitted). Nevertheless, when maritime law applies

6

under OCSLA, it only "displaces federal law as to the substantive law of decision and has no effect on the removal of an OCSLA action." *Id*. at 220 (citing *Dahlen v. Gulf Crews, Inc.*, 281 F.3d 487, 492 (5th Cir. 2002)). That maritime law may apply "as the rule of decision does not displace OCSLA's grant of federal question jurisdiction." *Id*. at 221 (citing 28 U.S.C. §1331, *Recar*, 853 F.2d at 370).

Therefore, based on the undisputed facts, the defendants have satisfied their burden of establishing original subject matter jurisdiction under federal law. Because the Defendants have established jurisdiction under OCSLA, neither the well-pleaded complaint rule nor the Plaintiff's allegations of a claim under maritime law, bar or limit the Defendants' right to remove this case under § 1441. *See Tenn. Gas Pipeline*, 87 F.3d at 152.

Accordingly, the court need not determine at this time whether maritime law governs the Plaintiff's claims. Because the "but for" test for OCSLA jurisdiction has been satisfied, the court has federal question jurisdiction under 28 U.S.C. § 1331.

### B. Admiralty Jurisdiction

As an alternate to federal question jurisdiction in light of OCSLA, the Defendants assert that this court independently has jurisdiction over the Plaintiff's claims under the admiralty jurisdiction statute, 28 U.S.C. § 1333, in light of changes to 28 U.S.C. § 1441 under the Federal Courts Jurisdiction and Venue Clarification Act of 2011. Because jurisdiction under OCSLA is present, the court need not determine whether jurisdiction is also present under the admiralty jurisdiction statute. Nevertheless, assuming the Plaintiff has raised general maritime claims, and noting that this is not disputed, the undersigned will briefly discuss the growing body of case law regarding admiralty jurisdiction removal in light of the 2011 amendments.

7

Two judges in this district, including the district judge on this case, have recently held that the 2011 amendments have removed the Fifth Circuit's statutory basis for holding that general maritime claims, although within this court's original jurisdiction, are not removable in the absence of a separate basis for subject matter jurisdiction. *See Provost v. Offshore Serv. Vessels, LLC*, No. 14-cv-89-SDD-SCR, 2014 WL 2515412 (M.D. La. June 4, 2014); *Garza v. Phillips 66 Co.*, No. 13-cv-742-SDD-SCR, 2014 WL 1330547 (M.D. La. Apr. 1, 2014); *Harrold v. Liberty Ins. Underwriters, Inc.*, No. 13-cv-762-JJB-SCR, 2014 WL 688984 (M.D. La. Feb. 20, 2014); *Bridges v. Phillips 66 Co.,* No. 13-cv-477-JJB-SCR, 2013 WL 6092803 (M.D. La. Nov. 19, 2013).

The decisions in this district allowing removal of general maritime claims in the absence of any additional source of federal jurisdiction are based on the detailed statutory analysis provided in *Ryan v. Hercules Offshore, Inc.,* 945 F. Supp. 2d 772 (S.D. Tex. 2013) (denying motion for remand because all of plaintiff's claims are admiralty claims over which a federal district court has original jurisdiction and the revised removal statute does not limit the removal of those claims). The *Ryan* decision concluded that changes to the second sentence of 28 U.S.C. § 1441(b) (as it read prior to the 2011 amendments) removed the statutory basis for the non-removability of admiralty claims in the absence of another basis for jurisdiction as stated by the Fifth Circuit. *See Id*. at 775-77 (citing *In re Dutile*, 935 F.2d 61 (5th Cir. 1991)). Other decisions in the Southern District of Texas have viewed the *Ryan* analysis favorably. *See Exxon Mobil Corp. v. Starr Indem. & Liab. Co.*, No. H-14-cv-1147, 2014 WL 2739309 (S.D. Tex. June 17, 2014) *remanded on other grounds on reconsideration*, 2014 WL 4167807 (S.D. Tex. Aug. 20, 2014); *Carrigan v. M/V AMC Ambassador,* No. H-13-cv-03208, 2014 WL 358353 (S.D. Tex.

Jan. 31, 2014); *Wells v. Abe's Boat Rentals Inc.,* No. H-13-cv-1112, 2013 WL 3110322 (S.D. Tex. June 18, 2013).

Plaintiff argues that *Ryan* was wrongly decided. A number of courts have agreed with that position. These courts have held that the "saving to suitors" clause in the admiralty jurisdiction statute is the historical basis for non-removability of general maritime claims. Accordingly, these decisions conclude that the changes to 28 U.S.C. § 1441 under the Federal Courts Jurisdiction and Venue Clarification Act of 2011 did not legislatively abolish the basis for non-removal of general maritime claim.[3]

The district judge in this case has considered the argument that the 2011 amendments did not make general maritime claims removable and, having sided with the *Ryan* line of cases, rejected that argument. *See Provost*, 2014 WL 2515412; *Garza*, 2014 WL 1330547.

The district judge in this case has not considered the argument, however, that the "saving to suitors" clause bars removal of general maritime actions, in the absence of an independent ground for the court's original jurisdiction, where the plaintiff requested a jury trial in state court.

---

[3] *See Bartman v. Burrece*, No. 14-cv-80, 2014 WL 4096226 (D. Alaska Aug. 18, 2014); *Gregoire v. Enter. Marine Servs., LLC*, No. 14-cv-840, -- F. Supp. 2d --, 2014 WL 3866589, (E.D. La. Aug. 6, 2014); *Grasshopper Oysters, Inc. v. Great Lakes Dredge & Dock, LLC*, No. 14-cv-934, 2014 WL 3796150 (E.D. La. July 29, 2014); *Cassidy v. Murray*, No. 14-1204,-- F. Supp. 2d --, 2014 WL 3723877 (D. Md. July 24, 2014); *Porter v. Great Am. Ins. Co.*, No. 13-cv-3069, 2014 WL 3385148 (W.D. La. July 9, 2014); *Figueroa v. Marine Inspection Servs.*, -- F. Supp. 2d --, No. 14-cv-140, 2014 WL 2958597 (S.D. Tex. July 1, 2014); *In re Foss Mar. Co.*, No. 12-00021, --F. Supp. 2d --, 2014 WL 2930860, (W.D. Ky. June 27, 2014); *Alexander v. Seago Consulting, LLC*, No. 14-cv-1292, 2014 WL 2960419 (S.D. Tex. June 23, 2014); *Pierce v. Parker Towing Co., Inc.*, No. 14-cv-73, 2014 WL 2569132 (S.D. Ala. June 9, 2014); *Gabriles v. Chevron USA, Inc.*, No. 14-cv-669, 2014 WL 2567101 (W.D. La. June 6, 2014); *Perrier v. Shell Oil Co.*, No. 14-cv-490, 2014 WL 2155258 (E.D. La. May 22, 2014); *Rogers v. BBC Charting America, LLC*, No. 13-cv-3741, 2014 WL 819400 (S.D. Tex. Mar. 3, 2014); *Coronel v. AK Victory*, No. C13-cv-2304, 2014 WL 820270 (W.D. Wash. Feb. 28, 2014); *see also* David W. Robertson & Michael F. Sturley, *Recent Developments in Admiralty and Maritime Law at the National Level and in the Fifth and Eleventh Circuits*, 38 Tul. Mar. L.J. 419, 477-78 (2014) ("The statutory-language exegesis in Ryan is thorough and careful, but we think the judge's conclusion that Romero (probably through congressional inadvertence) has become a dead letter seems too radical to be acceptable. We do not believe the Fifth Circuit will agree with the Ryan court.").

The Supreme Court has determined that "[t]rial by jury is an obvious, but not exclusive, example of the remedies available to suitors" under the "saving to suitors" clause. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454-55 (2001). If OCSLA was not a basis for this court's jurisdiction, then Plaintiff's maritime claims may warrant remand under the "savings to suitors" clause because of his jury demand. *See Barry v. Shell Oil Co.*, No. 13-6133, 2014 WL 775662 (E.D. La. Feb. 25, 2014); *see also Milstead v. Total Petrochemicals & Refining USA, Inc., et al.*, No. 14-cv-148-JJB-SCR, ECF No. 41 (M.D. La. July 18, 2014) (pending report and recommendation, with objections, that agrees with the analysis and conclusion on this issue with *Barry* and recommends remand of plaintiff's general maritime claims in light of his jury demand in state court); *cf Provost*, 2014 WL 2515412, at *3 (distinguishing *Barry* because the plaintiff did not request a jury trial).

As stated above, however, because the court has federal question jurisdiction pursuant to OCSLA, it need not determine whether it has jurisdiction under the admiralty jurisdiction statute.

## IV. CONCLUSION

Defendants have satisfied their burden of demonstrating that the court has federal question jurisdiction pursuant to OCSLA. Because the court has subject matter jurisdiction, Plaintiff's Motion to Remand should be denied.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand should be denied.

Signed in Baton Rouge, Louisiana, on September 11, 2014.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**